**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael E. YOUNT, Defendant–Appellant.**

**No. 91–3014.**

United States Court of Appeals, Eleventh Circuit.

May 18, 1992.

Michael E. Yount, pro se.

James E. Felman, Kynes & Markman, P.A., Tampa, Fla., for defendant-appellant.

Susan H. Raab, Edmund W. Searby, Tamra Phipps, Asst. U.S. Attys., Tampa, Fla., for plaintiff-appellee.

Before KRAVITCH and DUBINA, Circuit Judges and TUTTLE, Senior Circuit Judge.

DUBINA, Circuit Judge:

The appellant, Michael E. Yount ("Yount"), appeals his sentence imposed by the United States District Court for the Middle District of Florida. For the reasons which follow, we affirm.

## I. PROCEDURAL BACKGROUND

On May 24, 1989, a federal grand jury returned a 29 count indictment against Yount, including 19 counts of misapplication of bank funds, in violation of 18 U.S.C. § 656; seven counts of interstate transportation of stolen money, in violation of 18 U.S.C. § 2314; and three counts of money laundering, in violation of 18 U.S.C. § 1956.

Yount filed a motion requesting discovery pursuant to Fed.R.Crim.P. 16, and provided four documents to the government as reciprocal discovery. These documents were letters—later shown to be false—purportedly showing consent of trust account holders to Yount's activities. Subsequently, Yount pled guilty to three counts of misapplication of funds, one count of interstate transportation of stolen money and one count of money laundering. In Yount's Presentence Report ("PSR"), the probation officer proposed certain sentence enhancements to which Yount filed written objections.

The district court then conducted a sentencing hearing at which the government presented videotaped depositions which had been ordered by the district court to preserve the testimony of sick, elderly witnesses. At the conclusion of the sentencing hearing, the district court adopted the facts contained in the PSR.

Because the money laundering count constituted the only United States Sentencing Guidelines ("U.S.S.G.") conviction, the district court calculated a base offense level of 20. The district court then increased the base offense level by three because of the amount of money laundered. The district court also added two levels each pursuant to the U.S.S.G. § 3A1.1, Vulnerable Victim; U.S.S.G. § 3B1.3, Abuse of Position of Trust or Use of Special Skill; and U.S.S.G. § 3C1.1, Obstructing or Impeding the Administration of Justice. Finally, the district court applied a two-level downward adjustment for acceptance of responsibility, which made the resulting offense level 27. Yount was sentenced to 78 months' imprisonment, followed by three years' supervised release. Yount is presently incarcerated.

## II. FACTS

The record in this case demonstrates that Yount was a vice-president and trust officer for First Florida Bank in Venice, Florida ("First Florida"). From January, 1987 through June, 1988, Yount misappropriated for his own use approximately $445,000.00 from trust accounts held by elderly persons. The raided accounts belonged to five elderly persons, none of whom lived independently. Some of the victims lived in retirement homes, others in nursing homes; one was mentally incompetent. All but one are now deceased.

Yount raided the trust accounts without the owners' knowledge or permission. He then deposited the money in various checking accounts, using approximately $265,000.00 of the stolen money to buy a house in Monterey, California. When the scheme was ultimately discovered, First Florida reimbursed the raided accounts. Therefore, none of the victims actually lost money.

## III. ISSUES

The issues presented on appeal are as follows: (1) whether the district court properly enhanced Yount's sentence for obstruction of justice; (2) whether the district correctly enhanced Yount's sentence for targeting vulnerable victims; and (3) whether the district court correctly enhanced Yount's sentence for abuse of a position of trust.

## IV. STANDARD OF REVIEW

In a sentencing guidelines case, we must accept the district court's fact findings unless clearly erroneous; moreover, we give due deference to the district court's application of the guidelines to the facts. 18 U.S.C. § 3742(e). The district court's application of law to the facts is reviewed *de novo.* *United States v. Huppert,* 917 F.2d 507 (11th Cir.1990).

## V. ANALYSIS

Our review of the record persuades us that Yount's arguments in support of the

first and third issues are meritless. Accordingly, we summarily affirm the district court's finding that Yount obstructed or attempted to obstruct the administration of justice, and we summarily affirm Yount's challenge to his sentencing enhancement, pursuant to § 3B1.3, for abuse of a position of trust. We do, however, feel compelled to address Yount's challenge to his "Vulnerable Victim" sentence enhancement pursuant to § 3A1.1.

█ Yount argues persuasively that because the offense of conviction was money laundering, the victim was the bank, not the trust accountholders. He asserts that, while an earlier version of the guidelines allowed a vulnerable victim enhancement where the victim's vulnerability played any part in the decision to commit the offense, the current version limits it to offenses where "an unusually vulnerable victim is made a target of a criminal activity." *See* U.S.S.G. § 3A1.1 (Nov. 1990), comment (n. 1). Moreover, Yount asserts that the vulnerable victim enhancement cannot be applied to him by way of "relevant conduct" pursuant to § 1B1.3(a)[1] because that section does not amend § 3A1.1 itself. Under § 3A1.1, the essential inquiry remains whether the victim of the offense (here money laundering) was vulnerable. The government argues that the enhancement is governed by § 1B1.3(a) which the district court properly applied because Yount specifically targeted elderly persons' trust accounts to commit the crime as well as to attempt to cover it up.

We have held that the determination of whether the "vulnerable victim" enhancement is applicable to a particular case is a mixed question of law and fact turning on the correct interpretation of the guidelines. *See United States v. Long*, 935 F.2d 1207, 1210 n. 2 (11th Cir.1991). The current version of the guidelines, under which Yount was sentenced, states that a "vulnerable victim" adjustment is warranted when,

the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct.

U.S.S.G. § 3A1.1. Furthermore, this "adjustment applies to offenses where an unusually vulnerable victim is made a target of the criminal activity by the defendant." *Id.*, comment (n. 1). We have held that § 3A1.1 focuses chiefly on the defendant's conduct and is intended to enhance his punishment where he selects his victim "due to the victim's perceived susceptibility to the offense." *Long*, 935 F.2d at 1210. *Long*, however, was decided before the current amendments limiting § 3A1.1 to victims of the offense were adopted. The change in the language from the prior guideline version to the current version is significant. The current version appears to require that the victim of the offense must have been unusually vulnerable and specifically targeted in the offense. The record in this case demonstrates that the five trust accountholders were very old, infirm, and no longer capable of managing their own financial affairs. We cannot imagine any group that would be more "unusually vulnerable."

The guideline offense conviction was money laundering, and the victim was identified by the PSR as society at large. We have held, however, that sentencing courts are "permitted to look beyond the four corners of the charge to the underlying conduct," a practice clearly permitted under the relevant conduct section of the guidelines. *See United States v. Huppert*, 917 F.2d at 510. Moreover, § 1B1.3(a)(1) specifies that relevant conduct applies to adjustments in Chapter Three of the guidelines. The relevant conduct section, however, is limited in its application. The section is to be applied "[u]nless otherwise specified." *See* U.S.S.G. § 1B1.3(a). Thus, arguably, where language in Chapter Three of the guidelines specifically is limited to victims of the offense, relevant conduct cannot be applicable.

---

**1.** § 1B1.3 provides that "all acts and omissions committed or aided by the defendant, or for which the defendant would be otherwise accountable" shall be a basis for determining the defendant's base offense level.

Here, although ultimately the bank was the victim, that is only because Yount got caught. Yount embezzled money from trust accounts belonging exclusively to elderly accountholders with the intent of succeeding in his criminal endeavors undiscovered. In that event, the accountholders, some of whom died during the course of the crimes, would have been the victims, albeit, unbeknownst to them. We believe this factor supports Yount's vulnerable victim sentence enhancement.

We also find Yount's argument that the bank and not the accountholders was the true victim to be misplaced. First, all of Yount's conduct relating to his crimes should be considered in determining the appropriate calculations under the guidelines. *See* U.S.S.G. § 1B1.3 (adjustments shall be determined according to all acts committed by the defendant in preparation for, during, or in furtherance of the offense of conviction). Second, the "vulnerable victim" provision does not require a vulnerable victim who is a victim of the offense of conviction. *United States v. Roberson,* 872 F.2d 597 (5th Cir.1989).

In his reply brief, Yount argues that the Commission implicitly overrules *Roberson* by deleting the language in the commentary on which *Roberson* purportedly relied. Even if we accept that argument as valid, U.S.S.G. Amendment 245 still instructs that an adjustment may be made "where an unusually vulnerable victim is made a target of criminal activity by the defendant." We find no abuse of discretion by the district court when it took into account the ages and infirmities of the persons from whom Yount stole. While it is technically true that these victims suffered no harm, that is only because the victims were reimbursed by the bank. Yount's argument is akin to saying that a burglary victim was not a "victim" solely because he collected insurance money for his stolen property. We refuse to follow that reasoning and, accordingly, affirm Yount's sentence.

AFFIRMED.