53 F.3d 334
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Stephen A. JURY, Defendant/Appellant.
 No. 94-3127.
 United States Court of Appeals, Seventh Circuit.
 Argued April 27, 1995.
Decided May 3, 1995.
Rehearing Denied June 5, 1995.
 
 Before Posner, Chief Judge, and Cummings, and Bauer, Circuit Judges.
 
 ORDER
 
 1
 Stephen A. Jury was indicted for bank larceny, a violation of 18 U.S.C. Sec. 2113(b). He pleaded not guilty. A trial resulted in a hung jury. On the morning of the second trial, Jury reached a plea agreement with the government and entered a plea of guilty. He was sentenced to 15 months' imprisonment and three years of supervised release. Jury appeals, contending that the district court erred in calculating his offense level under the Sentencing Guidelines. We affirm.
 
 I. Background
 
 2
 In 1992, Jury was a bank counselor in Milwaukee, Wisconsin. One of the Bank's customers was Rasmus Foleide, a 92 year old man who suffered from Alzheimer's disease. Aware of Foleide's condition, Jury made a series of unauthorized withdrawals from Foleide's savings account, totaling over $48,000. In 1993, Foleide's legal guardian noticed the activity in Foleide's savings account and contacted the Milwaukee Police Department. Confronted by the police, Jury confessed to the withdrawals. The bank paid restitution to Foleide and Jury wrote letters of apology to Foleide, the bank, and Jury's family. In a statement to the FBI, Jury stated that: "I took the money from him because I saw him as an easy target and he would not miss the money." (PSR at 7).
 
 
 3
 Subsequently, Jury was indicted by a federal grand jury for bank larceny; he pleaded not guilty. Jury went to trial, which resulted in a hung jury and a mistrial. Jury was scheduled to be tried again, but, on the eve of trial, he negotiated a plea agreement with the government. Jury pleaded guilty to one count of bank larceny, in violation of 18 U.S.C. Sec. 2113(b).
 
 
 4
 A Presentence Investigation Report (PSR) was prepared. The PSR recommended an enhancement in Jury's offense level for a vulnerable victim. Additionally, the PSR did not recommend a two-level reduction for acceptance of responsibility. Jury objected to these recommendations. The district court denied Jury's objection and found that there was a vulnerable victim of the crime and that Jury did not warrant a reduction for acceptance of responsibility.
 
 
 5
 The district court calculated a guideline range of 15 to 21 months, and sentenced Jury to 15 months' imprisonment and three years of supervised release. The two issues on appeal are whether the district court erred in enhancing the offense level for a vulnerable victim, and whether the district court erred in refusing to reduce the offense level for Jury's acceptance of responsibility.
 
 II. Analysis
 A. Vulnerable Victim Enhancement
 The Sentencing Guidelines provide that:
 
 6
 If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels.
 
 
 7
 U.S.S.G. Sec. 3A1.1. (1993). The district court found that Jury had targeted a vulnerable victim for his crime and, thus, warranted the vulnerable victim enhancement.
 
 
 8
 There are two standards of review for a district court's sentencing determinations. Factual determinations underlying the application of the guidelines will not be reversed unless they are clearly erroneous. United States v. Ritsema, 31 F. 3d 559, 564 (7th Cir. 1994) (citing United States v. Gio, 7 F. 3d 1279, 1289 (7th Cir. 1993)). "A question involving the interpretation of a Guidelines term, by contrast, is a matter of law subject to de novo review." Id. Jury's appeal regarding application of the guidelines' vulnerable victim provision presents a question of law.
 
 
 9
 Jury argues that the district court erred in enhancing his sentence for a vulnerable victim, because the victim of bank larceny is the bank and not the depositor.[1]
 
 
 10
 This court has held that "[t]here is no requirement in section 3A1.1 that a target of the defendant's criminal activities must suffer financial loss." United States v. Stewart, 33 F.3d 764, 770 (7th Cir. 1994) (elderly were vulnerable victims of scam to solicit pre-payments of funeral expenses, even though funeral directors absorbed the economic loss). This is the majority position. See United States v. Bachynsky, 949 F.2d 722, 735 (5th Cir. 1991) (patients are vulnerable victims in medical insurance fraud by a doctor), cert. denied, 113 S. Ct. 150 (1992); United States v. Yount, 960 F.2d 955, 958 (11th Cir. 1992) (elderly account-holders are vulnerable victims even though they were not victims of embezzlement conviction); United States v. Echevarria, 33 F.3d 175, 180-81 (2d Cir. 1994) (patients are vulnerable victims even though economic victim was United States in social security scam); and United States v. Haggard, 41 F.3d 1320, 1326 (9th Cir. 1994) ("We hold that courts properly may look beyond the four corners of the charge to the defendant's underlying conduct in determining whether someone is a 'vulnerable victim' under section 3A1.1.").
 
 
 11
 The minority position is held by United States v. Wright, 12 F.3d 70, 73-74 (6th Cir. 1993). Wright holds "that the language of section 3A1.1 itself requires that individuals targeted by a defendant be victims of the conduct underlying the offense of conviction." Id. at 73.
 
 
 12
 Jury argues that his case is different from Stewart, the Seventh Circuit case that adopted the majority position regarding vulnerable victims, because Jury's crime involved theft from a bank. In Stewart, the defendant had solicited pre-payments of funeral expenses from the elderly, promising to invest their funds in annuities to pay funeral directors. However, the defendant stole the funds and did not pay the funeral directors for their burial services. This court held that the elderly solicitees were vulnerable victims of the mail fraud. Stewart, 33 F.3d at 770. Jury argues that the elderly solicitees in Stewart were the specific objects of the mail fraud, whereas Jury's objective was to steal from the bank. Jury argues that his use of an elderly person's account was not to target that person for theft, but to conceal his theft from the bank. However, even if this distinction is plausible, other courts have clearly found that a vulnerable victim enhancement is appropriate where the defendant embezzled from a bank by targeting the accounts of the elderly or otherwise vulnerable. Yount, 960 F.2d at 957; United States v. Lee, 973 F.2d 832, 834 (10th Cir. 1992) (elderly account-holders would be vulnerable victims of bank embezzler, but remand to determine if they were in fact exploited due to their age).
 
 
 13
 In Jury's case, we hold that the vulnerable victim enhancement of Sec. 3A1.1 applies to his crime of bank larceny. The enhancement "applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant." U.S.S.G. Sec. 3A1.1, comment. (n.1) (emphasis added). In Jury's case, the offense was bank larceny, but the criminal activity targeting a vulnerable victim was the depletion of the bank-patron's account. Additionally, "by using the words 'a victim' of the crime, rather than 'the victim,' it is obvious that the drafters were mindful of the fact that some crimes have multiple victims." Stewart, 33 F.3d at 770. "Here, although ultimately the bank was the victim, that is only because [Jury] got caught." Yount, 960 F.2d at 958.
 
 B. Acceptance of Responsibility
 
 14
 The Sentencing Guidelines provide: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. Sec. 3E1.1(a). The district court denied Jury's request for an acceptance-of-responsibility reduction because of the timeliness of Jury's guilty plea and Jury's reason for initially pleading not-guilty: he did not want to go to prison. (Sentencing Tr. at 13-14). Jury argues that the district court erred because Jury had in fact accepted responsibility for the offense. However, factual determinations underlying the application of the guidelines will not be reversed unless they are clearly erroneous. Ritsema, 31 F.3d at 564 (citing Gio, 7 F.3d at 1289). "An appellant attempting to overturn a district court's Sec. 3E1.1 determination carries a heavy burden." United States v. Beal, 960 F.2d 629, 632 (7th Cir.), cert. denied, 113 S. Ct. 230 (1992).
 
 
 15
 Although the mistrial does not automatically preclude Jury from receiving the reduction for acceptance of responsibility, see U.S.S.G. Sec. 3E1.1, comment. (n.2); United States v. McQuay, 7 F.3d 800, 801 (8th Cir. 1993) (defendant received a two-point reduction for acceptance of responsibility following a mistrial), the district court retains the discretion to deny the reduction. "A defendant who pleads guilty is not entitled to an adjustment as a matter of right." U.S.S.G. Sec. 3E1.1 comment. (n.3).
 
 
 16
 The guidelines instruct the district court to consider "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." U.S.S.G. Sec. 3E1.1 comment. (n.1(h)). In Jury's case, Jury initially pleaded not guilty and put the government to its burden of proof at trial. Jury only accepted a plea agreement on the eve of the second trial. "The district court correctly reasoned that the lack of timeliness of [Jury's] guilty plea warranted the denial of [his] acceptance of responsibility argument." United States v. Tolson, 988 F.2d 1494, 1499 (7th Cir. 1993).
 
 
 17
 Jury contends that his confession and letters of apology predate his not-guilty plea, and thus he deserves the reduction for acceptance of responsibility. A similar argument was raised in United States v. Cartwright, 6 F.3d 294 (5th Cir. 1993), cert. denied, 115 S. Ct. 671 (1994). In that case, the defendant confessed to possession of drugs to a United States Customs Agent. The defendant subsequently went to trial and was convicted of conspiracy to distribute cocaine base. The Fifth Circuit held that the prior confession did not automatically warrant a reduction for acceptance of responsibility:
 
 
 18
 [A] confession is like any other evidence the court can consider at sentencing. If confessing mandated an award of acceptance of responsibility credit, a defendant could confess in order to mitigate his sentence, even where the prosecution had no need for it.
 
 
 19
 Id. at 305. In Jury's case, Jury did confess to the crime to his employer and family, but then forced a trial on his factual guilt because he did not want to go to jail. Following Cartwright's reasoning, the existence of Jury's confession, while evidence of acceptance of responsibility, does not bind the district court to such a finding.
 
 
 20
 The district court's determination that Jury's acceptance of responsibility was not timely is not clearly erroneous and, thus, we affirm the district court's decision not to reduce Jury's offense level.
 
 
 21
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The elements of bank larceny are: to take over $100 belonging to, or in the custody or control of, a federally insured bank with the intent to steal it. 18 U.S.C. 2113(b)