**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Peter Michael DIXON, Defendant– Appellant.**

**No. 95–1040.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 11, 1995.

Decided Oct. 3, 1995.

---

Thomas O. Martin, Asst. U.S. Attorney (briefed), Janice Kittel Mann, Asst. U.S. Attorney (argued), Grand Rapids, MI, for plaintiff-appellee.

John M. Karafa (argued and briefed), Merwin, Karafa & McDonald, Grand Rapids, MI, for defendant-appellant.

Before: CONTIE, NELSON, and RYAN, Circuit Judges.

CONTIE, J., delivered the opinion of the court, in which RYAN, J., joined. NELSON, J. (pp. 136–37), delivered a separate dissenting opinion.

CONTIE, Circuit Judge.

■ Peter Michael Dixon ("Dixon") appeals the district court's imposition of a two-level enhancement for victim vulnerability pursuant to U.S.S.G. § 3A1.1. We vacate Dixon's sentence and remand this action to the district court for resentencing for the following reasons.

I.

On October 6, 1993, a federal grand jury charged defendant-appellant Dixon with "pass[ing], utter[ing] and publish[ing] as true a Treasury Check of the United States bearing the falsely made and forged endorsement 'Cecil Brown'" in violation of 18 U.S.C. § 510(a)(2). On October 3, 1994, Dixon pleaded guilty to the one-count indictment pursuant to a written plea agreement. On December 20, 1994, the district court sentenced Dixon to 21 months imprisonment,[1] to be followed by a two-year term of supervised release. The district court also ordered that Dixon pay restitution in the amount of $4,099.[2] Dixon timely appealed.

1. The district court determined that Dixon's offense level (7) and criminal history category (VI) yielded a 15 to 21 month term of imprisonment (pursuant to the Sentencing Guidelines).

2. The district court ordered that Dixon make restitution to the credit union where the forged Treasury Check was deposited.

## II.

■ Dixon's sole issue on appeal is whether the district court erred in applying U.S.S.G. § 3A1.1 to enhance his base offense level. "We review the District Court's application of the Sentencing Guidelines *de novo*, and its supporting factual findings for clear error." *United States v. Wright,* 12 F.3d 70, 72 (6th Cir.1993) (citation omitted).

The Sentencing Guidelines provide: "If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels." U.S.S.G. § 3A1.1. Though the record reveals that Cecil Brown was disabled and hospitalized by emphysema, a heart condition and a stroke when Dixon committed the instant offense, Dixon argues that:

> [T]here was no evidence presented that there was any correlation between payee Cecil Brown's alleged vulnerabilities as a hospitalized person and Defendant-appellant's offense of conviction, uttering and publishing a fraudulent check to his credit union.... The offense of conviction, i.e., uttering and publishing, involves a fraud against the credit union which receives a forged check. *While it may involve, in some degree, a fraud also against the payee on the check, that is a coincidence of the offense that is present in every uttering and publishing case.* The fact of this coincidental fraud does not present a factual basis supporting an enhancement under the "vulnerable victim" provision of the guidelines.
>
> . . . .
>
> Cecil Brown, as the payee on the treasury check negotiated by Defendant–Appellant to his credit union, may have been a victim in the sense that he suffered collateral consequences, i.e., temporary loss of funds to which he was entitled, but he was not the target of Defendant–Appellant's offense of conviction, uttering and publishing a fraudulent instrument to his credit union. Defendant–Appellant's offense was completed with the passing of a check to his

credit union, and it did not require the use of a particular person's forged treasury check, but only a forged treasury check. Therefore, it cannot be said that Cecil Brown was a victim, whether vulnerable or not, of the offense of conviction.

Appellant's Brief at 20–23 (citations omitted) (emphasis in original).

■ In *United States v. Wright,* this court held that "section 3A1.1 is applicable only where the alleged victim is a victim of a defendant's offense of conviction." 12 F.3d at 73. *See generally* U.S.S.G. § 3A1.1, comment. (n.1) ("This adjustment applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant."). Though other circuits have held that a nexus between the alleged harm suffered and the defendant's offense of conviction is not required,[3] the Sixth Circuit recently held that "the language of section 3A1.1 itself requires that individuals targeted by a defendant be victims of the conduct underlying the offense of conviction." *United States v. Wright,* 12 F.3d at 73. Indeed, "section 3A1.1's adjustment may be applied only when a victim is harmed by a defendant's conduct that serves as the basis of the offense of conviction." *Id.* Accordingly, Dixon's status as a victim hinges upon the elements of the underlying offense, uttering and publishing a United States Treasury Check. *See generally id.* at 74 ("In light of our holding that the victim-related adjustment of section 3A1.1 applies only in cases where there is a victim of the offense of conviction, we further hold that a court cannot apply the adjustment based upon 'relevant conduct' that is not an element of the offense of conviction. Section 1B1.3 has no application in a section 3A1.1 adjustment.").

Though Dixon forged Brown's endorsement on the back of Brown's Treasury Check and deposited the check into his account, Brown did not suffer a financial loss:

> Cecil E. Brown had his VA check stolen from him. Mr. Brown filed a claim for this check approximately three months later in November, 1991; fortunately, he did not

---

**3.** *See, e.g., United States v. Yount,* 960 F.2d 955, 958 (11th Cir.1992) ("[T]he 'vulnerable victim' provision does not require a vulnerable victim who is a victim of the offense of conviction.").

incur a lapse in personal care or medical services being provided to him.

Veteran's Affairs did not suffer a $4,099.00 loss when the pension check in the name of Cecil E. Brown was fraudulently endorsed and cashed by the defendant, Peter Michael Dixon, as they charged the loss back to the School Employees Credit Union. As the School Employees Credit Union . . . cashed the check that was fraudulently endorsed by Peter Dixon, the Credit Union experienced a loss of $4,099.00, none of which has been recovered at this time. Ms. Roxie Willis, President and CEO of the School Employees Credit Union, reported that her institution did not suffer any financial loss in this matter, as a claim was sent to their bond company. . . .

The CUNA Mutual Insurance Group/CUMIS Insurance Society, Inc., . . . is the true victim in this matter as they reimbursed the School Employees Credit Union for the loss occurred from the fraudulent activities committed against them by Peter Michael Dixon. . . .

Dixon's Presentence Investigation Report at 7–8.

In *United States v. Bondurant,* 39 F.3d 665 (6th Cir.1994), this court held:

Application of *Wright* to this case requires the conclusion that the victim of the offense of conviction was the issuer of Bondurant's Discover Card, not Bondurant's son. While the son might have been victimized by the offense, in the sense that he suffered collateral consequences, he was neither the victim nor the target of the offense of conviction. . . . The entity to which Bondurant misrepresented his social security number was the Discover Card issuer, not his son. Likewise, the entity that relied on Bondurant's misrepresentation, and suffered direct financial harm as a result, was the Discover Card issuer. Bondurant's offense was complete with the commission of these acts, and did not require the use of a particular person's social security number, but only one not belonging to him. Consequently, it cannot be said that his son was a victim, whether vulnerable or not, of the offense of conviction. Bondurant's sentence therefore must be vacated, and the case remanded for resentencing based on an offense level not enhanced under U.S.S.G. § 3A1.1.

*Id.* at 667–68.

Because Cecil Brown was not a victim of Dixon's offense pursuant to this court's holdings in *Wright* and *Bondurant,* we VACATE Dixon's sentence and REMAND this action to the district court for resentencing.

DAVID A. NELSON, Circuit Judge, dissenting.

Among the findings of fact made by the district court were these:

— that Cecil Brown, the payee of the $4,099 check passed or "uttered" by defendant Dixon with a forged endorsement, was Dixon's roommate;

— that defendant Dixon knew Mr. Brown was disabled, knew he was in a rehabilitation center at the time of the crime, and knew he would be unable to stop the fraudulent transaction;

— that "Mr. Dixon passed Mr. Brown's check . . . specifically, because he knew Mr. Brown could not stop him;"

— that Mr. Dixon "targeted" Mr. Brown for the crime because Brown was incapacitated;

— that Mr. Brown was harmed financially by not having the proceeds of the check for a period of time; and

— that Mr. Brown "suffered anxiety and stress from not knowing when or if he would receive payment for his check, going through the claims process, and trying to subsist without the money for some time."

None of these findings, in my view, was clearly erroneous.

Given the facts as found by the district court, it is clear, I believe, that Mr. Brown was "a victim of the offense" within the meaning of those words as used in U.S.S.G. § 3A1.1. Accordingly, and because defendant Dixon knew that Mr. Brown "was unusually vulnerable due to age, physical or mental condition, or . . . was otherwise particularly susceptible to the criminal conduct," the plain language of U.S.S.G. § 3A1.1 ap-

pears to mandate an increase in the guideline offense level.

It is true that in *United States v. Wright*, 12 F.3d 70, 73 (6th Cir.1993), we held that the adjustment called for by by § 3A1.1 "may be applied only when a victim is harmed by a defendant's conduct that serves as the basis of the offense of conviction." But the district court was fully cognizant of *Wright* and concluded that *Wright* did not preclude an adjustment in the offense level here. I agree with the district court's conclusion; Cecil Brown was "a victim" of the "offense of conviction"—the uttering of the check with the forged endorsement—and he was obviously harmed by this crime.

*Wright* was given a surprisingly broad application in *United States v. Bondurant*, 39 F.3d 665 (6th Cir.1994), where the defendant victimized his young son by making fraudulent use of the boy's social security number. This court acknowledged that the son suffered "collateral consequences" in the form of a negative credit report, among other things, but held that "he was neither the victim nor the target of the offense of conviction." *Id.* at 667. I am not persuaded that *Bondurant* is controlling here.

The offense of conviction in *Bondurant* entailed falsely representing a social security number to be that of the defendant. The credit card company to which the false representation was made suffered direct financial harm as a result, but the boy to whom the social security number had been issued did not. The boy was never deprived of his social security number, of course, even though his father had misused it.

In the case at bar, by contrast, the offense of conviction entailed passing a treasury check on which the payee's endorsement had been forged. Once the instrument was passed, the payee—Cecil Brown—was deprived of more than $4,000 until he could demonstrate that he had been the victim of a fraud. Mr. Brown thus suffered direct financial harm of a kind not suffered by the defendant's son in *Bondurant*. Mr. Brown was both a target of defendant Dixon's crime and a victim of it, in my opinion, and I would

therefore affirm the sentence imposed by the district court.