FLETCHER, Judge.
David Langford appeals his conviction and sentence on three counts of conspiracy to commit grand theft. We affirm his conviction but remand for resentencing.
The target of Langford’s conspiracy to commit grand theft was his employer, Florida Relay Services, a division of Deafness Education Advocacy Foundation, Inc. [the Foundation], a non-profit organization which provides services to hearing impaired and speech impaired individuals and which is funded through private grants and government funds. Taking advantage of his position as a payroll specialist, Langford placed on the payroll the names of six persons who were not, in fact, employees, then shared the proceeds (the “salaries” of the fake employees) with his co-conspirators.
At sentencing the trial court departed upward from the sentencing guidelines, stating that it was doing so because the Foundation is a non-profit corporation providing for the needs of the handicapped through the use of public funds, thus Langford’s crime was more serious than ordinary theft. Langford takes issue with the court’s ruling, arguing *570 that the stated reason for the departure is not included within section 921.0016, Florida Statutes (1995), which sets forth the justifications for departing from sentencing guidelines.
In support of the trial court’s action, the State directs our attention to section 921.0016(3)(j), Florida Statutes (1995):
“(3)Aggravating circumstances under which a departure from the sentencing guidelines is reasonably justified include, but are not limited to:
[[Image here]]
(j) the victim was especially vulnerable due to age or physical or mental disability.” [emphasis supplied]
Thus the State takes the position that those receiving services from the Foundation are victims of Langford’s crimes. We conclude, however, that Langford’s victim was only the Foundation, and not the individuals served by it. Section 812.014, Florida Statutes (1995), which defines and governs “theft,” provides that
“(1) A person commits theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: (a) Deprive the other person of a right to the property or a benefit therefrom, (b) Appropriate the property to his own use or to the use of any person not entitled thereto.” [emphasis supplied]
Here, as set forth in the charging documents, it was the Foundation’s property that was the subject of the crime, not the property of those who use the Foundation’s services. The State, in its document laying out its position on sentencing, unequivocally writes that “[t]he victim in this case” was the Foundation, and includes a recommendation that Langford be required to make restitution to the Foundation. The trial court entered a restitution order to that end. Further, the trial court’s written departure order itself specifically identifies the Foundation as the victim.
Had Langford’s criminal conspiracy been carried out by Langford’s duping of the receivers of the Foundation’s services and it was the vulnerability of the receivers that enabled him to do so, we might have reached a different result even though it was the Foundation that suffered the financial loss. See United States v. Stewart, 33 F.3d 764 (7th Cir.1994); United States v. Yount, 960 F.2d 955 (11th Cir.1992); United States v. Bachynsky, 949 F.2d 722 (5th Cir.1991). We do not have that situation here.
While we understand the trial court’s desire to enhance Langford’s sentence, nonetheless the victim — the Foundation — is not “especially vulnerable due to age or physical or mental disability,” as set out in section 921.0016(3)(j), Florida Statutes (1995). As a consequence, the departure sentence is reversed and the cause is remanded for resen-tencing within the guideline recommendations.
Affirmed as to the convictions; reversed and remanded as to the sentence.