NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0711n.06
Filed: October 3, 2007

Nos. 05-1956

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DENNIS L. LUKASIK,

     Defendant-Appellant.

                               /

On appeal from the United States District Court for the Eastern District of Michigan

BEFORE:    RYAN, DAUGHTREY, and ROGERS, Circuit Judges.

     RYAN, Circuit Judge.      The defendant, Dennis L. Lukasik, challenges the 46-month sentence imposed by the United States District Court for the Eastern District of Michigan following his guilty plea to income tax evasion. Lukasik's plea agreement permitted him to plead guilty to a single count of an 86-count indictment relating to his involvement in a fraudulent investment scheme and permitted the district court to consider the dismissed counts for sentencing purposes.

     On appeal, Lukasik argues that his plea was not knowing and voluntary; that the district court erred by applying a two-level vulnerable victim enhancement; that he received ineffective assistance of counsel; and that certain money he received was improperly classified as unreported income for sentencing purposes. We find no basis for reversing Lukasik's sentence and, therefore, affirm the district court's judgment.

**I.**

On May 14, 2003, a federal grand jury in the Eastern District of Michigan indicted Lukasik on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; 67 counts of mail fraud, in violation of 18 U.S.C. §§ 1341, 1343; seven counts of tax evasion, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2; one count of bankruptcy fraud under 18 U.S.C. § 152; two counts of failure to pay collect or pay over tax under 26 U.S.C. § 7202; one count of conspiracy to commit student loan fraud and seven counts of student loan fraud, in violation of 20 U.S.C. § 1097.

The charges derive from a fraudulent investment scheme orchestrated by Lukasik, his wife, Deborah Lukasik, and Thaddeus Turner. These three individuals formed a partnership known as Perry Investments, Ltd., to operate a "find, fix, and flip" real estate venture. To fund the scheme, Lukasik solicited investors, to whom he promised investments secured by real property that would generate annualized returns of 11-15 percent. Turner's role was to purchase cheap properties in his own name and quickly resell them to Perry Investments at an artificially inflated price. The conspirators then utilized the inflated value of the property as security to entice new investors. The same property was often used as "security" for multiple investors without the investors' knowledge. The funds received from the investors were to be held for investment in real property, but Lukasik used some of the money to pay for television and phone bills, clothing, restaurant bills, and other personal expenses.

Lukasik pleaded guilty to a single count of income tax evasion pursuant to a Rule 11 plea agreement. The agreement authorized the district court to consider the 85 dismissed counts in calculating the applicable sentencing range and capped the defendant's sentence at the midpoint of this range. Lukasik was ultimately assigned a

criminal history category I and a recommended sentence range of 41 to 51 months. The offense level included a two-level enhancement for targeting a vulnerable victim. The district court imposed a sentence of confinement for 46 months, the midpoint of the recommended range, and ordered restitution of $2,074,219.60.

## II.

Lukasik first argues that his Rule 11 plea agreement and the ensuing guilty plea were not knowing and voluntary. When evaluating the voluntariness and intelligence of a guilty plea, we employ "'a de novo standard of review of the legal issues and will uphold the factual findings of the district court unless they are clearly erroneous.'" Peveler v. United States, 269 F.3d 693, 698 (6th Cir. 2001) (citation omitted).

A plea is involuntary when a defendant has "'such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt.'" Berry v. Mintzes, 726 F.2d 1142, 1147 (6th Cir. 1984) (citations omitted). We judge the sufficiency of a defendant's understanding of the proceedings at his sentencing hearing "based on a comprehensive examination of the totality of the circumstances, . . . rather than on any particular record inquiry." Berry, 726 F.2d at 1147 (internal quotation marks and citation omitted). Further, "a defendant who expressly represents in open court that his guilty plea is voluntary may not ordinarily repudiate his statements to the sentencing judge." United States v. Todaro, 982 F.2d 1025, 1030 (6th Cir. 1993) (internal quotation marks and citation omitted).

Lukasik contends that his plea was involuntary because he did not appreciate the fact that the issues discussed in his sentencing hearing would significantly impact his ultimate sentence. However, the defendant fails to identify anything in the record that

supports his claim that he misunderstood the proceedings. At his sentencing hearing, Lukasik informed the district court that he had discussed the application of the Sentencing Guidelines with his attorney, that he had no questions about his plea agreement, and that his plea was voluntary. There being nothing in the record to the contrary, we take Lukasik's statements to the trial court to be true. We conclude that Lukasik's plea was knowing and voluntary.

### III.

Lukasik next argues that the district court erred by applying a two-level sentencing enhancement for targeting a vulnerable victim. When reviewing a district court's application of the Sentencing Guidelines, we review legal conclusions regarding applications of the Guidelines de novo, United States v. Raleigh, 278 F.3d 563, 566 (6th Cir. 2002), and factual findings for clear error, United States v. Dixon, 66 F.3d 133, 135 (6th Cir. 1995).

The district court applied the two-level enhancement after determining that two of the victims targeted by the defendant, Helen Kortes and Joanne Johe, were "vulnerable victims" under the Sentencing Guidelines. Kortes invested $15,000 with Perry Investments in 1996 and an additional $15,000 in 1997. At the time she invested in Lukasik's scheme, Kortes was in her mid-eighties and was suffering from dementia. Before these investments were made, the defendant developed a relationship with Kortes by visiting her home on a number of occasions and appearing at family events. Johe invested with Lukasik shortly after her husband was admitted to a nursing home for treatment of Alzheimer's disease. Lukasik met Johe at the nursing home and told her that investing in the scheme would provide additional money to care for her husband. Johe invested $25,000 in July 1996,

$15,500 in September 1996, and $29,000 in April 1998. Johe ultimately lost $40,000 of this $70,000 investment, on which Lukasik received a $5,767 commission.

The United States Sentencing Guidelines provide that "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by **2** levels." U.S.S.G. § 3A1.1(b)(1). Note 2 explains that any individual "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct" constitutes a vulnerable victim. U.S.S.G. § 3A1.1, comment. (n.2). Interestingly, the Guideline speaks of "vulnerable victim" while the note speaks of an "<u>unusually</u> vulnerable victim." (Emphasis added.) We assume the Guideline language controls. Our court has held that the enhancement applies if the defendant knew or should have known of the victim's vulnerability, and the government need not prove that the defendant targeted a victim <u>because</u> <u>of</u> her vulnerability. <u>United States v. Brawner</u>, 173 F.3d 966, 973 (6th Cir. 1999). "[I]f the fraud exploited vulnerable victims, an enhancement will apply." U.S.S.G. § 2F1.1, comment (n.12) (Nov. 1995).

The district court did not err in concluding from the evidence in the record that Kortes and Johe were vulnerable victims under the Sentencing Guidelines.

**IV.**

Lukasik also contends that the district court clearly erred in calculating his base offense level by including in its tax loss calculation (1) $18,760 received from business associate Richard Johnson, and (2) approximately $295,000 received from Perry Investments for business expenses. We review for clear error the district court's application of the Sentencing Guidelines to the facts. <u>Dixon</u>, 66 F.3d at 135.

The defendant claims that the money he received from Johnson was not taxable income because it was a loan and that the $295,000 or thereabouts he received from Perry Investments was not taxable income because it was paid out for deductible business expenses.

Lukasik's argument that the several sums totaling $18,760 he received from Johnson between 1995 and 1997 were loans is unpersuasive because there is no independent evidence to support it. The record contains no loan agreement between Johnson and Lukasik, no indication that Johnson received collateral for such loans, and no evidence that Lukasik ever made any payment on the loans. We conclude that the district court did not err, clearly or otherwise, by classifying Johnson's payments as taxable income rather than loans.

The district court found that from 1995 to 1998 Lukasik issued over $295,000 in checks to third parties, drawn on the Perry Investments account. Lukasik argues that most of these payments were for deductible business expenses, such as promotion and entertainment, cell phone usage, and car expenses, and should not have been included in the tax loss calculation. However, expenses incurred in furtherance of illegal activities are not deductible. Because the entire operation of Perry Investments, including the costs of doing business, involved fraudulently inducing prospective "investors" to give Lukasik their money, the district court did not clearly err in determining that payments Lukasik made for "expenses" to carry on his scheme were not legally deductible and constituted unreported income.

Finally, Lukasik claims that, pursuant to recent Supreme Court decisions in United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004),

the amount of the tax loss attributable to his criminal conduct is a factual finding that directly affects the severity of the sentence and, therefore, is a fact issue that must be submitted to a jury for determination. We disagree. A district court may find facts that determine an appropriate sentencing range, by a preponderance of the evidence, as long as the court understands that the Sentencing Guidelines are merely advisory. United States v. Mickens, 453 F.3d 668, 673 (6th Cir.), cert. denied, 127 S. Ct. 540 (2006). The calculation of the tax loss attributable to Lukasik's fraud was not a jury-submissible question.

**V.**

Lukasik also claims that he received ineffective assistance of counsel, a claim we review, if at all, de novo. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The proper standard of attorney performance under the Sixth Amendment is reasonably effective assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a claim of ineffective assistance, a defendant must demonstrate that the attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. The defendant must also establish prejudice by demonstrating that the deficient performance was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

Generally, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal because there has not been an opportunity to develop an adequate record, including evidence bearing on the merits of the allegations. United States v. Crowe, 291 F.3d 884, 886 (6th Cir. 2002). "'The record is not adequate for review on direct appeal if facts about the impugned attorney's decision-making process and

strategy must be determined to resolve the claims of inadequate representation.'"  Id. (citation omitted).

Lukasik identifies several instances of his counsel's alleged deficient performance, including the lawyer's failure to object to the two-level vulnerable victim enhancement, failure to object to the provision in the plea agreement that permitted the court to consider for sentencing purposes the counts of the indictment that were dismissed, and failure to object to the PSR's omission of his substance abuse history.  We will not review the defendant's ineffective assistance claims on this appeal because the record is not adequately developed to assess the merits of Lukasik's allegations.

**VI.**

The judgment of the district court is **AFFIRMED**.