[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12618
Non-Argument Calendar

_____

D. C. Docket No. 05-14090-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD P. BOGDAN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 17, 2008)**

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Leonard Bogdan appeals his sentence of 360 months of imprisonment for

conspiracy to commit mail fraud, mail fraud, and money laundering. Bogdan argues that the district court should not have enhanced his sentence for targeting vulnerable victims, United States Sentencing Guidelines § 3A1.1(b)(1) (Nov. 1998); involving a large number of vulnerable victims, id. § 3A1.1(b)(2); and abusing a position of trust, id. at § 3B1.3. We affirm.

We review de novo the application of the vulnerable-victim and abuse-of-position-of-trust enhancements to a sentence. United States v. Amedeo, 370 F.3d 1305, 1317 (11th Cir. 2004); United States v. Ward, 222 F.3d 909, 911 (11th Cir. 2000). "The district court's determination of a victim's 'vulnerability' is, however, essentially a factual finding to which we give due deference." Amedeo, 370 F.3d at 1317 (quoting United States v. Arguedas, 86 F.3d 1054, 1057 (11th Cir. 1996)). "'We review the district court's fact findings'" regarding an abuse of trust "'for clear error.'" Ward, 222 F.3d at 911 (quoting United States v. Mills, 138 F.3d 928, 941 (11th Cir. 1998)).

Bogdan argues that the enhancement for a vulnerable victim of section 3A1.1(b) requires that the jury determine beyond a reasonable doubt whether a defendant knew or should have known that his victims were vulnerable, but we disagree. The only reference to a jury finding pertains to a victim of a hate crime, U.S.S.G. § 3A1.1 cmt. n.1, but Bogdan was not convicted of a hate crime. See

2

United States v. Saunders, 318 F.3d 1257, 1264 (11th Cir. 2003) ("'Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'") (quoting Russello v. United States, 464 U.S. 16, 23, 104 S. Ct. 296, 300 (1983) (internal quotation marks omitted)). The district court was required to make the findings about Bogdan's enhancement.

The district court did not err by applying the vulnerable-victim enhancements to Bogdan's sentence. The evidence established that Bogdan marketed his investments to a large number of senior citizens. U.S.S.G. § 3A1.1(b)(1), (b)(2). He enticed retirees, in person and in advertisements and articles submitted to a free local newspaper, to invest their income by touting a 10 to 14 percent return on secured investments. Bogdan's investors were predominantly 70 years old or older, possessed a minimal level of financial sophistication, and relied on the income to maintain their standard of living. See United States v. Rudisill, 187 F.3d 1260, 1268–69 (11th Cir. 1999). The investigation revealed that Bogdan also targeted repeatedly the same investors. See United States v. Day, 405 F.3d 1293, 1296 (11th Cir. 2005).

The district court also did not err by finding that Bogdan abused a position

3

of trust. Bogdan exploited a fiduciary relationship with his clients by misrepresenting that he had invested their money in exchange for either a secured mortgage or a promissory note. Bodgen instead diverted those funds to make unsecured loans and interest payments to investors, pay agents' commissions and operating costs, and satisfy personal obligations. Cf. United States v. Yount, 960 F.2d 955, 957–58 (11th Cir. 1992).

Bogdan's sentence is **AFFIRMED.**