[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2009
THOMAS K. KAHN
CLERK

No. 09-10360
Non-Argument Calendar

_____

D. C. Docket No. 08-00261-CR-T-27-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD MCDONALD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 31, 2009)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Edward McDonald appeals his 24-month sentence for wrongful conversion of Social Security benefit payments, in violation of 42 U.S.C. § 408(a)(5), and making false statements to the Social Security Administration (SSA), in violation of 18 U.S.C. § 1001. McDonald asserts he should not have received a two-level vulnerable-victim enhancement because the SSA was the sole victim of his crimes, and the district court erred in determining that his elderly mother was also a victim of his crimes.

"The district court's application of § 3A1.1(b) in determining whether a 'vulnerable victim' enhancement is warranted is a mixed question of law and fact that we review *de novo*." *United States v. Frank*, 247 F.3d 1257, 1259 (11th Cir. 2001). The vulnerable-victim enhancement applies if a defendant "knew or should have known that a victim of the offense was a vulnerable victim," U.S.S.G. § 3A1.1(b)(1). A "vulnerable victim" is any person "who is a victim of the offense of conviction and any conduct for which the defendant is accountable under 1.3 (Relevant Conduct); and . . . who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to criminal conduct." U.S.S.G. § 3A1.1, comment. (n.2).

The district court did not err in applying the vulnerable-victim enhancement. Undisputed facts from the PSI show McDonald received $37,502 of his mother's

SSA benefits, which he improperly used for his own benefit rather than to pay her nursing home bills. His failure to pay those bills with the SSA benefit money caused her nursing home account to become delinquent in an amount of $219,142.67 because the nursing home was unable to bill Medicaid without first receiving the SSA benefit payments. Thus, the record demonstrates McDonald's mother was a victim of his offense because she suffered monetary loss, and there is no dispute that, as an elderly woman suffering from Alzheimer's Disease living in a nursing home, she was vulnerable for the purposes of § 3A1.1(b). *See United States v. Yount*, 960 F.2d 955, 957 (11th Cir. 1992) (holding trust account holders who were "very old, infirm, and no longer capable of managing their own financial affairs" were vulnerable victims); U.S.S.G. § 3A1.1, comment. (n.2).

Accordingly, McDonald's assertion the SSA was the sole victim of the offense is belied by the record. Even though the SSA was a victim of the offense, the district court was also permitted to find his mother was a second victim. *See Yount*, 960 F.2d at 957-58; (holding the victims included elderly account holders even though "ultimately the bank was the victim"). Therefore, the district court did not err in applying the vulnerable-victim enhancement, and we affirm.

**AFFIRMED.**