[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14910
Non-Argument Calendar
_____

D.C. Docket No. 2:05-cr-14090-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD P. BOGDAN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 9, 2014)

Before CARNES, Chief Judge, HULL and FAY, Circuit Judges.

PER CURIAM:

Leonard P. Bogdan, Jr., appeals the denial of his alternative motions for a new trial or an evidentiary hearing under Federal Rule of Criminal Procedure 33. In 2007 Bogdan was tried and found guilty of conspiracy to commit mail fraud, mail fraud, and money laundering. He was sentenced to 360 months imprisonment.[1] He now contends that he should receive a new trial, an evidentiary hearing, or both, based on newly discovered evidence. He also challenges his sentence.

I.

In January 2001 the Office of the Comptroller for the State of Florida filed a lawsuit in Florida state court alleging that Bogdan and his companies were misappropriating investors' funds. The state court issued a temporary injunction against Bogdan's companies, including Bogdan Financial Group, Inc. (BFG). The state court also appointed Lewis B. Freeman as BFG's receiver. The investigation into Bogdan and his companies ultimately led to Bogdan's 2007 federal convictions for conspiracy to commit mail fraud, mail fraud, and money laundering. Freeman did not testify at Bogdan's trial, and no reports that he prepared as BFG's receiver were admitted as evidence at Bogdan's trial.

---

[1] We previously affirmed Bogdan's sentence, see United States v. Bogdan, 296 F. App'x 818 (11th Cir. 2008), and dismissed for want of prosecution his appeal of the denial of his 28 U.S.C. § 2255 motion, see Bogdan v. United States, No. 12-15250 (Jan. 11, 2013 11th Cir.).

2

Several years after Bogdan was convicted, Freeman was himself charged with conspiracy to commit mail fraud for misappropriating funds from some of the companies he served as receiver, including BFG. Freeman pleaded guilty in March 2010.

Shortly after Freeman was indicted in February 2010, Bogdan filed a pro se motion in the district court under Rule 33 asking for a new trial or, in the alternative, an evidentiary hearing. He made a number of arguments in support of his motion but central to all of them was the assertion that Freeman had fabricated incriminating evidence, withheld exculpatory evidence, or, through his own criminal conduct, otherwise corrupted Bogdan's trial. Bogdan did not specify, however, which particular pieces of evidence had been improperly presented or improperly withheld. Nor did he explain how Freeman's criminal conduct had impacted his trial. Bogdan later filed another Rule 33 motion challenging his sentence.

The district court denied Bogdan's alternative motions for a new trial or evidentiary hearing. The court found that Bogdan's allegations were mere conjecture and concluded that he had not shown that a new trial or an evidentiary hearing would lead to a different verdict. As for Bogdan's motion challenging his sentence, the court determined that it lacked jurisdiction to consider sentencing claims under Rule 33, and it denied the motion. This is Bogdan's appeal.

## II.

We review a district court's denial of a motion for a new trial based on newly discovered evidence (or previously suppressed evidence) only for abuse of discretion. United States v. Vallejo, 297 F.3d 1154, 1163 (11th Cir. 2002). We also review a district court's denial of a motion for an evidentiary hearing only for abuse of discretion. United States v. Massey, 89 F.3d 1433, 1443 (11th Cir. 1996).

Under Rule 33, a court may vacate any judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). To succeed under Rule 33 based on newly discovered evidence, the defendant must establish that: (1) the evidence was discovered after trial; (2) the failure to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) a new trial would probably produce a different result. United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003). Allegations that are not substantiated by an "objectively credible source" are insufficient to establish those elements. United States v. Calderon, 127 F.3d 1314, 1354 (11th Cir. 1997). Motions for a new trial are "highly disfavored." Jernigan, 341 F.3d at 1287.

4

The district court did not abuse its discretion by denying Bogdan's Rule 33 motion. Bogdan's assertion — that Freeman fabricated incriminating documents, withheld exculpatory evidence, or otherwise corrupted his trial — has no support in the record, much less support from an "objectively credible source." See Calderon, 127 F.3d at 1354. So the district court did not err in denying his Rule 33 motion on that basis. For related reasons, the district court correctly denied Bogdan's request for an evidentiary hearing; a hearing is not required where the resolution of a motion for a new trial is clear. Jernigan, 341 F.3d at 1289. And the lack of any evidence supporting Bogdan's claims made the resolution of his motion for a new trial abundantly clear.

As for Bogdan's challenge to his sentence, the district court properly determined that it did not have jurisdiction under Rule 33 to consider it. See United States v. Diaz-Clark, 292 F.3d 1310, 1316–18 (11th Cir. 2002). A district court has jurisdiction to modify a sentence only if permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. See 18 U.S.C. § 3582(c)(1)(B); Diaz-Clark, 292 F.3d at 1316–18. Neither one permits it in this case.

**AFFIRMED.**

5