[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10956
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60258-JIC-5


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

ANGELA DIONE ROSIER,

                                                            Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 24, 2014)

Before TJOFLAT, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Angela Dione Rosier appeals her sentence of 49 months of imprisonment, which she received after pleading guilty to conspiring to commit access device fraud. 18 U.S.C. § 1029(b)(2). Rosier challenges the two-level enhancement of her sentence for targeting a vulnerable victim. United States Sentencing Guidelines Manual § 3A1.1(b)(1) (Nov. 2013). We affirm.

The district court did not clearly err in finding that Rosier "knew or should have known that a victim of [her] offense was a vulnerable victim." *Id.* Rosier worked as a secretary and a data entry clerk for a company that provided in-home phlebotomy services for elderly and invalid patients. Rosier gave her network username and password to a person who then accessed the company's database and downloaded the personal identification information of 1,308 patients. The district court was entitled to find that Rosier had observed the birthdates and ailments of patients and knew the patients were susceptible to identity theft because of their "advancing or elderly age" and because of their medical conditions. *See United States v. Bradley*, 644 F.3d 1213, 1289 (11th Cir. 2011) (concluding that AIDS and hemophilia patients "were vulnerable due to their medical condition"); *United States v. Yount*, 960 F.2d 955, 957 (11th Cir. 1992) (concluding that trust accountholders were vulnerable victims because of their advanced age and inability to manage their finances).

Even if the district court had erred by enhancing Rosier's sentence, that error would have been be harmless. The district court stated that it would have imposed the same sentence even if it had "improperly imposed" the enhancement. *See United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). Rosier's sentence, which is eight months less than the low end of her advisory guidelines range of 57 to 71 months and well below her maximum statutory sentence of five years, is reasonable.

We **AFFIRM** Rosier's sentence.