81 F.3d 162
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Troy Anthony WARD, Defendant-Appellant.
 No. 94-6510.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1996.
 
 Before: KEITH, DAUGHTREY and PHILLIPS*, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Defendant-Appellant, Troy Anthony Ward ("Ward"), appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Ward contends that the evidence presented during trial is insufficient to support his conviction, that the district court abused its discretion by failing to sever his felon in possession of a firearm charge from the rest of the charges against him, that the district court plainly erred by admitting the evidence of his prior convictions and that the district court erred in sentencing him pursuant to the United States Sentencing Guidelines. For the reasons stated below, we AFFIRM his sentence.
 
 I. Statement of Facts
 
 2
 On August 17, 1993, in Louisville, Kentucky, Ward, a Michigan resident, was a passenger in a white Honda with Michigan license plates, driven by Buford Miller ("Miller"). Miller and Ward went to the Broadway Auto Wash ("Broadway") where Miller asked June Henry Williams ("Williams") to purchase two handguns in return for $200.00. Ward was not with Miller when he propositioned Williams. Williams, a convicted felon, went to Stewart's Pawn Shop ("Stewart's") and was able to purchase two handguns by lying about his felon status. The following day Miller gave Williams enough money to purchase ten guns. Williams returned to Stewart's, this time with Miller and Ward, to purchase the ten guns. Ward and Miller selected the particular weapons and Williams purchased them.
 
 
 3
 Following the ten gun purchase, agents from the Bureau of Alcohol, Tobacco, and Firearms ("ATF") prevailed upon Williams to act as an informant against Ward and Miller. Williams' firearm buying activities were discovered by the ATF due to his name appearing on multiple federal firearm purchase applications.
 
 
 4
 On February 4, 1994, Ward returned to the Broadway where he met with Miller, Williams and two other individuals. Williams informed the ATF that the individuals who had paid him to purchase the previous weapons had returned to Louisville and were looking to purchase more firearms. The ATF and the Louisville Police Officers were able to establish surveillance which allowed them to keep track of Ward and Miller's activities.
 
 
 5
 Miller gave Williams $2,500 to purchase fifteen more guns. Miller, Ward and Williams made several unsuccessful attempts to purchase weapons that same day. The following morning, Miller, Ward and Williams went to a number of gun and/or pawn shops where Williams purchased various firearms at the direction of Ward and Miller. They purchased three nine-millimeter handguns from Kentucky Pawn Shop, ten Jennings guns at Stewart's and two more "high-point" nine millimeter handguns at Dan's Pawn Shop. The weapons were then placed in the trunk of Miller's Honda.
 
 
 6
 After Williams was dropped off at the Broadway, ATF agents, with the assistance of the Louisville Police Department, served their previously obtained search warrant on Miller and Ward in Miller's Honda. The ATF agents took Miller, the driver of the vehicle, and Ward into custody.
 
 
 7
 On February 23, 1994, a federal grand jury returned a twenty count indictment against Ward, Miller and Thomas William Walker ("Walker") for various firearm charges in violation of 18 U.S.C. §§ 2,922, and 924. Ward was named in Counts One, Two, Seven, Eight, Nine, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen and Twenty of the indictment. Count Twenty, which is the subject of this appeal, charged Ward with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).
 
 
 8
 Miller and Walker pled guilty to the charges against them, but Ward asserted his right to a jury trial. Prior to trial, Ward moved to have the felon in possession charge severed pursuant to Fed.R.Crim.P. 14. This motion was denied.
 
 
 9
 At trial, Williams testified that while Ward may not have ever physically touched the weapons, he did contribute money towards the purchase of the guns and did provide input as to which guns should be purchased. The jury returned not guilty verdicts against Ward with respect to all counts against him except for Count Twenty.
 
 
 10
 At sentencing, the district court adopted the presentence investigation report produced by the federal probation department. Ward's presentence investigation report established his criminal history category at II and his offense level at 18. Ward's offense level reflected an increase of four points because the offense committed involved between 13 and 24 firearms pursuant to Guidelines § 2K2.1(b)(1)(D). Based on a total offense level of 18 and a criminal history category of II, the district court determined Ward's Guidelines range was 30 to 37 months. The district court sentenced him to 34 months in prison with a three year term of supervised release. Ward filed a notice of appeal.
 
 II. Discussion
 
 11
 On appeal, Ward claims: (A) his conviction is not supported by sufficient evidence; (B) the district court abused its discretion in denying his motion to sever Count Twenty from the rest of the indictment; (C) the district court committed plain error by allowing the jury to hear evidence of his prior conviction; and (D) the district court improperly sentenced him according to the United States Sentencing Guidelines.
 
 A. Sufficient Evidence
 
 12
 Ward contends the evidence presented by the government at trial is not sufficient to support the jury verdict that he constructively possessed the weapons found in the trunk of Miller's Honda. A conviction will withstand a challenge to the sufficiency of the evidence if "after viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in the government's favor, the evidence is sufficient to justify a reasonable juror's conclusion that each element of the offense has been established beyond a reasonable doubt." United States v. Poulos, 895 F.2d 1113, 1117 (6th Cir.1990) (citations omitted).
 
 
 13
 Title 18 of the United States Code Section 922(g)(1) reads, in pertinent part: "[i]t shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess ... any firearm or ammunition...." Id. 18 U.S.C. § 922(g)(1) (1988). A defendant need not be in actual possession of a weapon to violate 18 U.S.C. § 922(g), constructive possession is sufficient. United States v. Moreno, 933 F.2d 362, 373 (6th Cir.), cert. denied, 502 U.S. 895 (1991). This Circuit has held "[c]onstructive possession requires that a person knowingly have the power or the intention at a given time to exercise dominion and control over an object, either directly or through others." Poulos 895 F.2d at 1119. A defendant's presence at the scene of the crime alone is insufficient to establish constructive possession. Id. However, "substantial 'other' incriminating evidence, combined with presence, serves to demonstrate [a defendant's] constructive possession...." Id.
 
 
 14
 Ward's conviction is supported by sufficient evidence. The testimony of Williams and the various undercover law enforcement officers involved in the case, show Ward was in constructive possession of the weapons found in the back of Miller's Honda. Williams testified that Ward not only knew the firearms were in the vehicle but also that Ward contributed money towards the purchase of the guns and helped pick out the guns that Williams was to purchase. Various ATF agents and Louisville Police officers testified that they observed Ward, in the company of Williams and Miller, enter a number of different pawn and/or firearm shops on February 4, 1994 and February 5, 1994. In addition, according to the testimony of Louisville Police Detective Tim Royse, one of the surveillance officers, Ward was in Miller's vehicle both when the guns were loaded in the trunk and when they were later discovered upon his arrest. The evidence presented at trial by the government demonstrated that Ward was in constructive possession of the weapons and therefore had the ability to exercise dominion and/or control over the weapons found in Miller's vehicle.
 
 B. Motion to Sever Count Twenty
 
 15
 Ward claims the district court abused its discretion by not severing his felon in possession of a firearm charge from the rest of the charges in the indictment. Ward asserts that under 18 U.S.C. § 922(g), the government was required to prove he was a convicted felon and that as a result of such a requirement, he was prejudiced on the other counts. This Circuit reviews the denial of a motion for severance for an abuse of discretion. United States v. Sivils, 960 F.2d 587, 594 (6th Cir.), cert. denied, 113 S.Ct. 130 (1992). When a defendant moves for the severance of either parties or charges he or she bears the burden of showing "specific and compelling prejudice" would otherwise result. See Id.; Fed.R.Crim.P. 14. To demonstrate the required level of prejudice, a defendant must show the jury was unable to separate and consider separately the evidence relating to each count or defendant. Sivils, 960 F.2d at 594. However, "the simple fact that the 'jury was able to acquit [the defendants] on some counts and convict them on others' strongly suggests 'that the jury was not confused by the testimony adduced at trial, and was able to attribute to each [defendant] evidence pertinent to that particular party.' " Id. at 595 (quoting United States v. Gallo, 763 F.2d 1504, 1526 (6th Cir.1985), cert. denied, 474 U.S. 1068, 1069 and 475 U.S. 1017 (1986)).
 
 
 16
 It is clear that Ward has not met his burden of demonstrating prejudice. Ward's sole basis for appeal of the severance ruling appears to be the jury's decision to acquit him of ten of the eleven charges in the indictment. However, the jury's determination to convict on one charge and not on the others, in and of itself, does not support a finding of prejudice. If anything, the jury's verdict evidences an ability to separate and properly consider the evidence as to each count in relation to Ward. Thus, the district court did not abuse its discretion by refusing to sever the felony in possession charge from the rest of the indictment.
 
 C. Evidence of Prior Conviction
 
 17
 Ward next asserts that the district court erred when it allowed the government to present evidence of his prior Michigan State conviction for carrying a concealed weapon. The admission of evidence is reviewed for an abuse of discretion only if the defendant objects to the introduction of the evidence. United States v. Morrow, 977 F.2d 222, 228 (6th Cir.1992), cert. denied, 113 S.Ct. 2969 (1993). If a defendant fails to make a specific objection, the admission of that evidence will not be disturbed unless it amounts to plain error. Id. Plain error is an error or defect in the trial that affects the defendant's substantial rights. Fed.R.Crim.P. 52(b). In the instant case, Ward's failure to object to the introduction of his prior conviction during trial allows this Court to review the introduction of this evidence for plain error.
 
 
 18
 This circuit has long held that the district court may allow the government to present evidence specifying the nature of the felony for which a defendant has been previously convicted in § 922(g)(1) cases. See United States v. Hudson, 53 F.3d 744, 747 (6th Cir.), cert. denied, 116 S.Ct. 235 (1995); United States v. Burkart, 545 F.2d 14, 15 (6th Cir.1976). Since the district court acted within its purview when it allowed the introduction of Ward's prior conviction as evidence, there is no basis for a finding of plain error.
 
 
 19
 Also, we decline Ward's invitation to revisit the holding in Burkart on the heels of the First Circuit's decision in United States v. Tavares, 21 F.3d 1, 3 (1st Cir.1994) (holding that proof of a defendant's predicate felony was inadmissible in a § 922(g)(1) case because such evidence was irrelevant and prejudicial). A panel of this Circuit cannot overrule existing circuit precedent. United States v. Edge, 989 F.2d 871, 876 (6th Cir.1993).
 
 D. Sentencing
 
 20
 Ward contends that the district court committed four errors when sentencing him to 34 months in prison. Ward claims the district court erred in failing to find that: (1) he had not accepted responsibility for his crime; (2) he was not a minor participant in the crime; (3) his crime involved 15 firearms; and (4) his sentence warranted departure from the range recommended by the United States Sentencing Guidelines.
 
 1. Acceptance of Responsibility
 
 21
 Ward claims he is entitled to a reduction in his offense level for acceptance of responsibility despite his pleading not guilty and forcing the government to prove his guilt at trial. He asserts that if his motion to sever had been granted, he would have accepted responsibility for his criminal conduct. This Court reviews a district court's decision to deny a reduction for acceptance of responsibility for clear error. United States v. Hernandez, 31 F.3d 354, 361 (6th Cir.), cert. denied, 115 S.Ct. 285 (1994).
 
 
 22
 A defendant is entitled to a two level reduction their offense level if he or she "clearly demonstrates acceptance of responsibility for his [or her] offense." U.S.S.G. § 3E1.1(a); United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989). However, "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 comment. (n. 2) (Nov. 1, 1994); see United States v. Vincent, 20 F.3d 229, 239 (6th Cir.1994). Furthermore, in a case where the defendant has gone to trial "to preserve issues that do not relate to factual guilt," he or she may nonetheless "clearly demonstrate acceptance of responsibility for his [or her] criminal conduct." Id. The commentary provides as an example to this type of situation, a defendant who "make[s] a constitutional challenge to a statute or a challenge to the applicability of a statute to his [or her] conduct." Id.; see Hernandez, 31 F.3d at 361 (holding acceptance of responsibility reduction not per se unavailable to a defendant who goes to trial based on a defense of entrapment, though finding the district court's refusal to award a reduction not clearly erroneous).
 
 
 23
 Ward has maintained from the beginning of his trial through his appeal that he was never in possession of the weapons found in Miller's vehicle. Since Ward went to trial solely to contest factual guilt and has maintained his innocence throughout, the district court did not commit clear error when it denied Ward's request for an acceptance of responsibility reduction.
 
 2. Role in the Offense
 
 24
 Ward next argues the district court erred by finding his role in the crime was more than minimal. He asserts that because the jury found him not guilty of all of the charges, except for the felon in possession charge, he should be considered a minor participant. The district court's determination as to the role a defendant plays in a crime is a question of fact and is therefore reviewed for clear error. United States v. Miller, 56 F.3d 719, 720 (6th Cir.1995); United States v. Ivery, 999 F.2d 1043, 1047 (6th Cir.1993).
 
 
 25
 A defendant who can demonstrate that he or she was a minor participant in the crime of conviction may be entitled to a two level reduction in offense level. U.S.S.G. § 3B1.2(b); United States v. Williams, 940 F.2d 176, 180 (6th Cir.), cert. denied, 502 U.S. 1016 (1991). The Sentencing Guidelines define a minor participant as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 comment. (n. 3) (Nov. 1, 1994). A defendant has the burden of proving, by a preponderance of the evidence, the mitigating factors that justify a reduction for being a minor participant. Miller, 56 F.3d at 720.
 
 
 26
 Ward's argument lacks merit because the district court could only base his sentence on the charge for which he was actually convicted: being a felon in possession of a firearm. Since Ward was the only convicted felon standing trial, he was the only participant in the crime and thus cannot be deemed a minor participant. Therefore, the district court did not commit clear error when it determined Ward was not entitled to a reduction in his sentence for being a minor participant.
 
 3. Number of Weapons Involved
 
 27
 Ward also asserts that the district court erred by computing his sentence based on the firearms found in Miller's vehicle. He claims that his acquittal on the gun transaction charges shows he was not in possession of that many weapons. The district court's determination of the number of firearms involved in this case is a question of fact and will not be disturbed unless found to be clearly erroneous. See United States v. Davis, 981 F.2d 906, 911-12 (6th Cir.1992), cert. denied, 113 S.Ct. 2966 (1993). The government bears the burden of proving by a preponderance of the evidence the number of weapons involved in the crime. See United States v. Thomas, 11 F.3d 620, 631 (6th Cir.1993), cert. denied, 114 S.Ct. 1570 (1994) (sentencing based on the district court's factual determination of the quantity of cocaine involved in the crime).
 
 
 28
 The district court determined Ward's offense level pursuant to Guidelines § 2K2.1, the provision applicable to 18 U.S.C. § 922(g). Section 2K2.1 of the Guidelines calls for a four level increase in a defendant's offense level if their offense of conviction involved between 13 and 24 firearms. U.S.S.G. § 2K2.1(b)(1)(D).
 
 
 29
 As noted in Part A of this opinion, Ward's conviction is supported by sufficient evidence. The evidence presented at trial shows Ward, at the very least, constructively possessed the guns found in Miller's car. This evidence demonstrated that Ward provided some of the funds to buy the guns and even assisted in picking out weapons to be purchased. In addition, Ward does not assert that the district court was incorrect in finding that there were 15 firearms in the trunk of Miller's Honda. Based on the above evidence it is clear that the district court did not err in raising Ward's offense level four levels for possessing between 13 and 24 firearms.
 
 4. Failure to Depart
 
 30
 Finally, Ward contends the district court should have placed him in a lower criminal history category because his prior offense was committed when he was seventeen and should not have been counted against him in the interest of justice. Section 4A1.2 of the Guidelines calls for adding three points to a defendant's criminal history category if the defendant was younger than eighteen yet was convicted as an adult and sentenced to at least one year and one month in prison. U.S.S.G. § 4A1.2(d)(1). Since Ward was convicted as an adult for carrying a concealed weapon and sentenced to more than one year and one month in prison, the district court was correct in adding three points to his criminal history category. It has been clearly established that:
 
 
 31
 a district court's refusal to depart downwardly is not reviewable on appeal when the district court properly computes the Guidelines range, imposes a sentence that is not illegal or did not result from an incorrect application of the Guidelines range, and is not unaware that it had discretion to depart from the Guidelines range.
 
 
 32
 Vincent, 20 F.3d at 239.
 
 
 33
 In the case before us, the district court was correct in its computation of the Guidelines range, did not impose an illegal sentence and was well aware of its discretion to depart from the Guidelines range. Thus, the district court's refusal to make a downward departure in Ward's sentence is not reviewable on appeal.
 
 III. Conclusion
 
 34
 For the reasons stated above, we AFFIRM the sentence imposed by the Honorable Charles R. Simpson, III, United States District Judge for the Western District of Kentucky.
 
 
 
 *
 The Honorable J. Dickson Phillips, Jr., Circuit Judge from the United States Court of Appeals for the Fourth Circuit