103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie Don DANIEL, Defendant-Appellant.
 No. 96-5405.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1996.
 
 Before: GUY, SUHRHEINRICH, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Willie Don Daniel, a federal prisoner, appeals his conviction and sentence for being a felon in possession of a firearm and ammunition, and for possessing an unregistered sawed-off shotgun. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Daniel was charged in a three-count indictment with being a felon in possession of a firearm (count 1) and being a felon in possession of ammunition (count 2), both in violation of 18 U.S.C. §§ 922(g)(1) and 924; and with possessing an unregistered sawed-off shotgun (count 3) in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. The district court denied his pretrial motions to strike the specific descriptions of his prior felonies from the indictment and to prevent the government from offering any evidence of his prior criminal history following a hearing. After a two-day jury trial, Daniel was convicted on all three counts. The district court sentenced him to concurrent 120-month prison terms on counts 1 and 2, and to 120 months on count 3, to run consecutively only to the extent necessary to produce a total prison term of 150 months. In addition, the district court imposed three years of supervised release and a $150 special assessment.
 
 
 3
 Daniel argues on appeal that (1) the jury was prejudiced by being informed of his two prior felonies, and (2) the district court improperly calculated his base offense level. Upon review, we affirm the district court's judgment because that court did not abuse its discretion in admitting evidence of Daniel's prior felonies and did not err in calculating his sentence.
 
 
 4
 It is settled law in this circuit that the government is entitled to prove the felonies it has alleged in a § 922(g)(1) prosecution and is not required to accept the defendant's stipulation. See United States v. Hudson, 53 F.3d 744, 747 (6th Cir.), cert. denied, 116 S.Ct. 235 and 400 (1995); United States v. Yannott, 42 F.3d 999, 1007 (6th Cir.1994), cert. denied, 115 S.Ct. 1172 (1995). Daniel admits this, but urges this court to ignore its own law and adopt the position of several other circuits that evidence of prior felonies should not be admitted over the defendant's offer to stipulate. This we may not do absent an intervening Supreme Court decision; instead, only the court sitting en banc may overrule existing Sixth Circuit precedent. See United States v. Smith, 73 F.3d 1414, 1418 (6th Cir.1996); United States v. Edge, 989 F.2d 871, 876 (6th Cir.1993).
 
 
 5
 Anticipating this result, Daniel further argues that, even if this panel declines to overrule Hudson and Yannott, it should find that the district court's admission of this evidence in Daniel's case was more prejudicial than probative under Fed.R.Evid. 403. See Hudson, 53 F.3d at 747 n. 3; Yannott, 42 F.3d at 1007. We conclude, however, that the district court in this case did not abuse its broad discretion in admitting evidence of Daniel's prior felonies. See United States v. Thomas, 74 F.3d 676, 679 (6th Cir.), cert. denied, 116 S.Ct. 1558 (1996).
 
 
 6
 Daniel next argues that the district court improperly set his base offense level at 26 on the ground that his reckless homicide conviction is not a crime of violence within the meaning of USSG § 2K2.1(a)(1). That subsection provides for an enhanced base offense level if the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. This court reviews de novo the district court's application of the Sentencing Guidelines. See United States v. Dixon, 66 F.3d 133, 135 (6th Cir.1995). Upon consideration, we conclude that the district court did not err in ruling that Daniel's reckless homicide conviction was a crime of violence which would support an enhanced base offense level under USSG § 2K2.1(a)(1).
 
 
 7
 Accordingly, the district court's judgment, entered on March 25, 1996, is affirmed.