UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 97-4014

RICKY VINCENT PENDLETON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-96-1)

Submitted: September 30, 1997

Decided: November 18, 1997

Before HALL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen D. Herndon, Wheeling, West Virginia, for Appellant. William D. Wilmoth, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ricky Vincent Pendleton appeals from his conviction and sentence imposed for carjacking in violation of 18 U.S.C.A.§ 2119 (West 1994 & Supp. 1997). We affirm.

Pendleton contends that the district court erred in admitting evidence of his companion's flight in violation of the hearsay rule. We conclude that this flight to escape prosecution does not constitute a statement sufficient to invoke the hearsay rule. Further, even if this action did constitute a statement and its admission therefore violated the hearsay rule, we believe that such evidence was merely cumulative of the evidence of Pendleton's own flight, and therefore its admission constituted no more than harmless error.

Pendleton next asserts that there was insufficient evidence of interstate transportation to satisfy the jurisdictional requirement of the carjacking statute. The evidence adduced at trial demonstrated that the victim of the offense had driven the car out of state on several occasions. Additionally, the district court took judicial notice of the fact that no cars are manufactured in West Virginia and thus any car which was found within the state must have been transported through interstate commerce. We agree that these facts are sufficient to satisfy the statutory requirement and therefore find no error. See United States v. Newton, 65 F.3d 810, 811-12 (9th Cir. 1995) (finding two out of state recreational trips sufficient to satisfy interstate commerce requirement), cert. denied, 116 S. Ct. 965 (1996).

Next, Pendleton argues that the district court committed impermissible double counting when it enhanced his sentence for both carjacking under U.S. Sentencing Guidelines Manual§ 2B3.1(b)(1)(B) (1996), and making an express threat of death under U.S.S.G. § 2B3.1(b)(2)(F). We disagree. There is a sufficient degree of difference between the use of force and violence or intimidation, as contemplated by the carjacking statute and enhancement, and making an express threat of death, as contemplated by U.S.S.G. § 2B3.1(b)(2)(F). Pendleton's conduct, which consisted of the violent beating of his victim, returning his victim to the car, shouting at him when he regained consciousness, and finally dumping him in a remote location, went beyond the base conduct encompassed by U.S.S.G. § 2B3.1(b)(1)(B), and satisfied the requirement for enhancement

2

under U.S.S.G. § 2B3.1(b)(2)(F). See United States v. Hudson, 53 F.3d 744, 749 (6th Cir.) (addressing whether enhancement for brandishing firearm constitutes double counting where possession was element of offense--armed carjacking--and stating that "a carjacking accomplished with a gun hidden in a pocket, and carjacking accomplished by pointing a shotgun at a victim for some period of time and threatening to `blow him in two,' . . . are qualitatively different . . . [and] the sentences for them may properly reflect that difference"), cert. denied, 116 S. Ct. 235 (1995); see also U.S.S.G. § 2B3.1, comment. (n.6) (the "express threat of death" enhancement is intended to provide an increased offense level when the offender engages in "conduct that would instill in a person, who is a victim of the offense, significantly greater fear that than necessary to constitute an element of the offense"). We therefore find no error.

Finally, Pendleton argues that his receipt of an enhancement for express threat of death under U.S.S.G. § 2B3.1(b)(2)(F) and for infliction of permanent or life threatening bodily injury under U.S.S.G. § 2B3.1(b)(3)(C) constitutes impermissible double counting because they were both based upon the same conduct. Because Pendleton raises this argument for the first time on appeal, we review for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). This Court has held that the same conduct may be used for enhancements under more than one guideline unless such double counting is expressly forbidden by the guidelines. See United States v. Crawford, 18 F.3d 1173, 1179-80 (4th Cir.), cert. denied , 513 U.S. 860 (1994). There is no express prohibition in the guidelines against making an enhancement for bodily injury under § 2B3.1(b)(3)(C) and an adjustment for an express threat of death under § 2B3.1(b)(2)(F). We therefore find that application of both enhancements does not constitute plain error.

Accordingly, we affirm Pendleton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED